## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CULTIVATR, INC., et al        :
                              :        **CIVIL ACTION**
v.                            :
                              :
                              :        **NO.  24-4200**
NORA PETERSON                 :

## OPINION

### I.    Introduction

Before this Court is a motion to seal (Dkt. #66) filed by Cultivatr, Inc. and

Sproutr, LLC. They ask this Court to seal portions of the transcript of a bench trial

held before the Court, claiming that publication will do harm to their business

interests. Because this Court finds that they have not made a showing strong enough

to outweigh the public interest in open proceedings, the Motion is denied.

### II.    Factual Background

This matter was commenced by Counterclaim Defendants Cultivatr and

Sproutr[1] as declaratory judgment Plaintiffs, with Nora Peterson filing a breach of

contract counterclaim. The dispute centered around a verbal promise made by

Cultivatr's principals to Ms. Peterson to grant equity in Cultivatr in exchange for Ms.

Peterson's agreeing to join Sproutr as an executive. After a three-day bench trial, this

Court issued findings of fact and conclusions of law, ultimately holding that Cultivatr

---

[1]      For the remainder of this Opinion, this Court will use the "Cultivatr Parties" to refer jointly to
Cultivatr and Sproutr.

indeed breached an enforceable verbal agreement when it failed to provide Ms. Peterson with the shares it owed her.

In the motion at bar, the Cultivatr Parties ask this Court to seal portions of the bench trial transcript which deal with an investment into Sproutr made by a third party (the "Investor").[2] The Cultivatr Parties ask this Court to redact every mention of the name of the third party. Ms. Peterson does not contest this, though neither does she particularly endorse those redactions. In addition to anonymizing this third party's name, the Cultivatr Parties also seek to redact large swaths of testimony and argument which discusses the investment, and particularly: (1) the amount of money invested; (2) the percentage of Sproutr acquired; and (3) the different options explored for treating the money as a matter of accounting. Ms. Peterson has opposed redaction of this material.

This information was not merely contextual to the matter at trial, nor was it inconsequential or collateral. To the contrary, this Court found this investment was a motivating factor in the decisions by the principals of Cultivatr to welch on their promise to deliver equity to Nora Peterson. (See Dkt. #46 (Findings of Fact and Conclusions of Law) at ¶ 84 ("At base, this Court concludes that this is a case where [Cultivatr's Principal], perhaps a bit overeager and bit inexperienced, rushed in and made a firm offer which was giving up more than she appreciated at the time. When a later investment made that offer much more expensive to live up to, she had buyer's remorse and wishes she had included all sorts of bells and whistles that she did not.").

---

[2]    This Court will not name the Investor in this order, though its name is apparent from the transcripts of the trial.

Further, the amount and nature of the investment provided the Court with the best available evidence from which it could make a reasonable calculation of the value of the shares which went undelivered at the time they reneged on their promise. (See *id.* at § i).

### III.    Legal Standards

Documents filed with the Court- and especially those used in open Court- are entitled to a "strong presumption" of availability to the public. *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In order to place such documents under seal, this Court would have articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d 182,194 (3d Cir. 2001). These compelling interests to be protected must be specific. Indeed, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* The Court need not accept at face value the assertions of harm made by the party seeking the record to be sealed. *See In re Valsartan N-Nitrosodimethylamine (NDMA), Losartan, & Irbesartan Prods. Liab. Litig.,* 512 F. Supp. 3d 546, 553 (D.N.J. 2021).

Importantly, the right to attend civil trials is protected by the First Amendment, and while the right is not absolute, "as a First Amendment right it is to be accorded the due process protection that other fundamental rights enjoy." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (citation omitted). Denying the public their First Amendment right to access trial

"requires a much higher showing" than required to satisfy the common law right of access. *Id.* Indeed, sealing a trial proceeding can only be done if doing so satisfies strict scrutiny. *Id.* The presumption of openness can only be reversed if the Court finds "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up). The good cause in this context must be identified specifically and is held to the standard "that disclosure will work a clearly defined and serious injury to the party seeking closure[.]" *Id.* "Bad business practices, in the absence of other circumstances, do not overcome the presumption." *Id.* When engaging in this process, the Court is required to go document-by-document in making its assessment. *Id.*

In analyzing whether sealing is appropriate, the Court is in no way bound by the designations made by the parties during discovery. *See generally id.* (holding that documents designated in discovery as confidential by one party should not be sealed). That is why this Court, along with many others, requires that confidentiality agreements in litigation before it include: "[t]he Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice." Weilheimer Guidelines at § VII. Even the agreement of the parties does not bind our courts; indeed courts can deny sealing *sua sponte* or on motion of a third party. *See Preis v. Lexington Ins. Co.*, No. CIV.A. 06-0360-WSC, 2007 WL 2493676, at *1, n.3 (S.D. Ala. Aug. 30, 2007) (collecting cases that court can *sua sponte* raise the propriety of information before it being place under

seal); *Cf In re Avandia*, 924 F.3d at 672-73 (noting that, before sealing materials, court must give interested third parties the opportunity to be heard).

Enforcement *sua sponte* makes good sense. It is certainly true that our system of justice relies heavily on the adversarial system to present important issues to the Court. But sometimes, where the issue involves the interest of the public or of the Court itself, the interests of the adversarial party may not align strongly enough with those other interests to reliably ensure the issue will be zealously litigated, or even litigated at all. *Cf: Hunt v. Valley Forge Mil. Acad. & Coll.*, No. 2:25-CV-01323, 2025 WL 2524222, at *9 (E.D. Pa. Sept. 2, 2025) (Weilheimer, J.) (noting that Courts must regulate attorney conduct *sua sponte* because "it is rarely in a private party's interest" to do so). Indeed, the Court's extensive experience with litigation has shown time and again that parties often "go along to get along" when it comes to confidentiality. Where that party does not particularly care about the publicity of a given case, it is often easier to just accept confidentiality designations than to spend their own money challenging them. Similarly, where a party knows they need certain sensitive documents to prove their case, they often will simply agree to a confidentiality designation to take the path of least resistance. These are entirely reasonable litigation decisions from a private party seeking to vindicate its own private interests. But given the powerful societal interest in the openness of our courthouses, it does create a gap which courts must diligently maintain.[3]

---

[3]    To be clear, Counterclaim Plaintiff Peterson here has, in fact, opposed the motion, in part. This Court writes about the role of the judiciary here because the Court's order in this case denies sealing as to portions of the transcript that Peterson does not contest sealing.

## IV.    Analysis

### a.  The Motion to Seal is not moot despite the open courtroom.

As an initial matter, this Court will briefly address why this request to seal is not effectively mooted by these proceedings going forward in a public courtroom. Trial was held in open court and no motion was ever made to seal the courtroom. But, in fairness to the Cultivatr Parties' position, no one attended any portion of the trial, besides those associated with the Parties, their counsel, or the Court's staff. Early on in the case, counsel for the Cultivatr Parties asked to maintain confidentiality as to certain documents entered into evidence which were produced in discovery with a confidentiality designation. In response to that request, the Court said:

> [I]f there is something that was protected under the confidentiality agreement that needs to remain confidential, I will place that under seal, but that will be a determination after I hear the evidence. At this point, it's a public courtroom and no one has asked for the record yet. Continue.

(Dkt. #62 , Trial Transcript, Day 1, at 21:20-22:1).

The Court's statements on the record make it clear that the Court was not blanketly adopting the confidentiality agreement. (*Id.* at 21:20-22 ("[I]f there is something that… **needs to remain** confidential…")) (emphasis added). But it was equally clear that the present request to seal was properly preserved, even though the testimony and argument in question were given in open court. Without the Court's statement (*supra*), surely the horse would have left the barn. But because this Court assured the Cultivatr Parties of an opportunity to raise this issue later, this

6

Court finds no waiver or forfeiture of confidentiality, and will address the merits of their arguments.

### b. Addressing the merits, the Court will not seal any portion of the trial transcripts.

Turning now to the arguments made by the Cultivatr Parties, this Court finds that the Cultivatr Parties have fallen far short of demonstrating the sorts of interests needed to justify sealing. The Cultivatr Parties allude to various reasons why they may not want these portions of the transcript out in the open. But these reasons are not supported by facts and highly speculative.

The Cultivatr Parties first argue that the terms of the Investor's investment are not public and not intended for public view (Dkt. #66-1 at 8). But that cannot carry the day. Many an embarrassing series of text messages or damaging private admission regularly are aired out in our courtrooms. In fact, that is largely what a courtroom is for. The fact that there was an intention that the nature of this investment be kept a secret does not mean that it gets to stay that way once implicated in federal litigation.

Next the Cultivatr Parties argue that the confidentiality agreement between them and the Investor supports sealing the transcript. But the private contractual relationship between Sproutr and the Investor does nothing to bind the court, and Ms. Peterson's agreement to honor it is similarly without impact. (*See supra*, discussing frequency of agreement during discovery). There may well be collateral consequences to Sproutr as a result of these documents becoming relevant in this litigation. But that is a consideration to weigh *before* (not after)  committing to a

course of conduct likely to lead to litigation. Notably, it was the Cultivatr Parties themselves who commenced this litigation as a declaratory action. Regardless of the outcome of this case, Cultivatr and Sproutr, in electing not to give Ms. Peterson the shares, put themselves on a set of tracks aimed squarely at litigation. The disclosure of information related to equity in the companies is a natural consequence of that decision, which should have been weighed at that time, or at various points in settlement discussions. They cannot now unilaterally impose the terms and conditions of their contract with the Investor upon the public.

The Cultivatr Parties next argue, with no factual support, that disclosure of this information could permit others to take advantage of them or the Investor. Given that there is no factual information presented by the Cultivatr Parties that this is so, the Court could reject that out of hand. But, addressing the merits, this does not strike the court as particularly credible. This involves a completed transaction from more than two years ago. How the terms of an investment agreement could possibly cause Sproutr or the Investor to *lose customers* is mystifying. At any rate, it is surely the sort of vague and non-specific argument that this Court is precluded from assigning weight under *In re Avandia*, and therefore this Court disregards it.

The Cultivatr Parties must show a clearly defined and serious injury. *In re Avandia*, 924 F.3d at 673. The Cultivatr Parties have not created a record such that the Court can make "specific findings on the record concerning the effects of disclosure[.]" *In re Cendant Corp.*, 260 F.3d at 194. Rather, all the Cultivatr Parties bring to this Court are "[b]road allegations of harm, bereft of specific examples or

articulated reasoning," which are legally insufficient. *Id*. All that the Cultivatr

Parties have done is create a series of speculative harms, unconnected by fact or logic,

and invite the Court to try and make sense of them.

The portions of the transcript which are subject to the motion to seal here are,

in some sense, the exact sort of information *In re Avandia* requires remain open to

the public. These are ordinary, run of the mill, business transaction documents. Any

business in America would rather not have their internal documents out in the public.

But that does not mean that litigants have a right to hide them from the public once

they are implicated in court proceedings. It takes something more than the desire for

secrecy to exclude information from the docket. A party seeking to seal needs

articulated facts with specific examples. The Cultivatr Parties do not come close.

Having analyzed each and every proposed redaction by the Cultivatr Parties

individually, this Court is bound by *In re Avandia* to unseal the transcripts of the

hearing.

To the extent this ruling seems harsh, this Court will address three further

points which are worth noting here,. The first is that we are here, in Court, because

the Cultivatr Parties filed a lawsuit. While the standard is not different for plaintiffs

and defendants, the Cultivatr Parties can hardly claim to be surprised to find that

documents related to equity ownership in Sproutr have come to public view in

litigation over an equity dispute with a former employee.

More importantly, however, as Ms. Peterson observed in her opposition, the

Cultivatr Parties *publicly* filed, as an attachment to their Complaint, the name of the

Investor they seek to seal and the exact amount of that investment. (ECF #1 at 58). So, too, does the Court refer to the Investor, the amount of the investment, and the discussions regarding the accounting consequences of that investment repeatedly in its Findings of Fact and Conclusions of Law. (See generally: ECF #46). There has been no motion to seal those filings. While this Court has set aside the fact that the trial happened in an open courtroom (see *supra* §IV(a)), the identity of the Investor has been no secret to any diligent court watcher since the very first filing in this case.

Finally, the Court is sympathetic to the possibility that the Cultivatr Parties may rather not have tried the case at all, had they known the Investor's name would be made public. If that were the case, however, they could have gotten this determination before trial and strategized accordingly. They could have moved before trial to seal the courtroom, but they did not, or made some other pretrial motion as to maintaining confidentiality designations for trial purposes. For the same reasons articulated here, this Court would, in all likelihood, have denied the motion. But at least the Cultivatr Parties would have had the lay of the land, and understand what proceeding to trial meant. But they did not, and are left with the consequences of the string of choices which brought them to this point.

## V.    Conclusion

Because this Court does not find any credible information that suggests that the Cultivatr has anything more than an ordinary interest in avoiding embarrassment and has identified no specific harm in the releasing of the transcripts

in this case, this Court will unseal the trial transcripts in their entirety. The Motion

to Seal is denied. An appropriate order will follow.


DATED: February 5, 2026              BY THE COURT:

_____

GAIL WEILHEIMER          J.

11